107 F.3d 872
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Chris SCOTT, Defendant-Appellant.
 No. 95-1683.
 United States Court of Appeals, Sixth Circuit.
 Feb. 20, 1997.
 
 Before: KENNEDY, NELSON, and GODBOLD, Circuit Judges.*
 PER CURIAM.
 
 
 1
 Defendant Chris Scott appeals from the sentence she received following her guilty plea to conspiracy to distribute marijuana and unlawful use of a communication facility. For the following reasons, we AFFIRM.
 
 I.
 
 2
 Defendant was charged with conspiracy to distribute heroin, marijuana, and cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846. According to the indictment, defendant participated in a large drug distribution conspiracy led by Clifford Jones between 1983 and 1993. In addition to the conspiracy count, defendant was charged with three counts of possession with intent to distribute a controlled substance, 21 U.S.C. § 841(a)(1); one count of attempted possession with intent to distribute a controlled substance, 21 U.S.C. §§ 841(a)(1), 846; and two counts of unlawful use of a communication facility in connection with drug trafficking, 21 U.S.C. § 843(b).
 
 
 3
 On November 7, 1994, the day the case was set for trial, defendant pled guilty to a two-count superseding information charging her with conspiring with Jones to distribute marijuana, 21 U.S.C. § 841(a)(1), and with unlawful use of a communication facility, 12 U.S.C. § 843(b). Under the plea agreement, the government agreed to dismiss the earlier indictment against defendant in exchange for defendant's plea to both counts of the superseding information and a promise to cooperate. There was no agreement as to where within the statutory range defendant would be sentenced. The parties agreed that the court could consider testimony from the trial of Clifford Jones in determining defendant's sentence. The plea agreement also specified that, in arriving at a sentence, the court could consider "relevant conduct" alleged in the dismissed counts of the indictment.
 
 
 4
 The presentence report recommended that defendant be held responsible for 400 to 700 kilograms of marijuana. This amount included 200 grams of marijuana and 3.7 grams of heroin seized at defendant's home when a search warrant was executed. It also included two kilograms of cocaine that a witness in the Clifford Jones trial testified defendant distributed on behalf of Jones. The heroin and cocaine were converted to the marijuana equivalent under the sentencing guidelines.
 
 
 5
 At the sentencing hearing on May 24, 1995, the District Court made a finding that defendant had participated with Jones in the cocaine trafficking conspiracy and that her distribution of cocaine to Clement Spearman on behalf of Jones was "relevant conduct" for sentencing purposes. The court found credible Spearman's testimony at Jones' trial that beginning in 1991 Spearman would telephone Jones for cocaine and that defendant Scott would then deliver it to him on behalf of Jones. The court sentenced defendant to the statutory maximum term of five years incarceration.
 
 II.
 
 6
 Defendant claims that the District Court erred in finding that defendant's participation in Jones' cocaine trafficking conspiracy constituted "relevant conduct" under section 1B1.3 of the Sentencing Guidelines. We review for clear error the District Court's determination that defendant participated in the Jones cocaine distribution conspiracy and that such participation was "relevant conduct" for sentencing purposes. See United States v. Partington, 21 F.3d 714, 717 (6th Cir.1994).
 
 
 7
 It is well settled in this circuit that a sentencing court may consider conduct forming the basis for counts dismissed pursuant to a plea agreement in determining a defendant's base offense level. See United States v. Hill, 79 F.3d 1477, 1481 (6th Cir.), cert. denied, 117 S.Ct. 158 (1996). Such conduct may be included in the calculation of the base offense level if it is "part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2).
 
 
 8
 We consider first whether a preponderance of the evidence supports the District Court's finding that defendant participated in the Jones cocaine distribution conspiracy. A review of the record convinces us that the evidence was sufficient to support such a finding. Clement Spearman testified at Clifford Jones' trial that Scott delivered cocaine to him on behalf of Jones. Defendant contends that Spearman's testimony is not credible. However, this Court must "give due regard to the opportunity of the district court to judge the credibility of the witnesses ..." 18 U.S.C. § 3742(e). The District Court below also presided over the trial of Clifford Jones and observed firsthand the testimony given by Spearman. In light of all the testimony given in the Jones trial, the District Court found credible Spearman's testimony as to Scott's involvement in the cocaine distribution conspiracy. Notwithstanding defendant's protestations to the contrary, we find that the District Court was not clearly erroneous in finding Spearman's testimony credible.
 
 
 9
 Defendant's participation in the Jones cocaine distribution conspiracy may be considered "relevant conduct" if it is part of the same "common scheme or plan" as the marijuana conspiracy to which she pleaded guilty. U.S.S.G. § 1B1.3(a)(2). Acts are deemed part of a common scheme or plan if they are "substantially connected to each other by at least one common factor, such as common victims, common accomplices, common purpose, or similar modus operandi." U.S.S.G. § 1B1.3 commentary (n. 9(A)).
 
 
 10
 In the instant case, defendant pleaded guilty to conspiring with Jones to distribute marijuana between 1989 and 1993. The cocaine distribution conspiracy, like the marijuana conspiracy, was led by Jones. Spearman testified that defendant had delivered cocaine to him on behalf of Jones since 1991. The fact that the drugs involved were different does not preclude a finding that the conspiracies were part of a common scheme or plan. See U.S.S.G. § 1B1.3 commentary (background) ("[I]n a drug distribution case, quantities and types of drugs not specified in the count of conviction are to be included in determining the offense level if they were part of the same course of conduct or part of the same scheme or plan as the count of conviction.") (emphasis added). The District Court did not clearly err in determining that the marijuana and cocaine distribution conspiracies were part of a common scheme or plan.
 
 
 11
 Defendant also argues that the District Court erred in failing to make a specific factual finding as to the quantity of cocaine she distributed to Spearman and for which she was sentenced.
 
 
 12
 The amount of drugs for which defendant is accountable is a fact question that we review for clear error. See United States v. Walton, 908 F.2d 1289, 1300-01 (6th Cir.1990). The government bears the burden of proving by a preponderance of the evidence the quantity of drugs for which a defendant is responsible. See United States v. Clemons, 999 F.2d 154, 156 (6th Cir.1993). When a court is unable to determine the precise quantity of drugs, it "may make a reasonable estimate of quantity, provided that estimate is supported by a preponderance of the evidence." Id. In estimating the quantity of drugs attributable to a defendant, a court must "err on the side of caution." United States v. Ward, 68 F.3d 146, 149 (6th Cir.1995). "An approximation by a court is not clearly erroneous if it is supported by competent evidence in the record. In other words, the court finding must have 'some minimum indicium of reliability beyond mere allegation.' " Id. at 149 (citations omitted).
 
 
 13
 In sentencing defendant, the District Court stated: "I'm going to find that the amount of drugs that [defendant] was involved in is exactly what Clement Spearman said that she was involved in which is multikilo deliveries of cocaine and the marijuana." We agree with the government that it was unnecessary for the District Court to indicate precisely how much cocaine defendant delivered to Spearman, because the sentence would not have been affected by any quantity over two kilograms. Defendant's sentence is supported by the quantity of drugs found in her home (200 grams of marijuana and 3.7 grams of heroin) and two kilograms of cocaine delivered to Spearman. Spearman testified that defendant had delivered multiple kilograms of cocaine to him. There was no need for the District Court to make a finding on the record as to the exact quantity of drugs delivered to Spearman given that two kilograms alone justified the sentence defendant received--the maximum term of five years. We find no error.
 
 III.
 
 14
 For the foregoing reasons, we AFFIRM defendant's sentence.
 
 
 
 *
 The Honorable John C. Godbold, United States Circuit Judge for the Eleventh Circuit, sitting by designation